Filed 10/7/14  P. v. Evans CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B248704 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA395994) |
| v. | |
| KENNETH RAYMOND EVANS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed.

Jonathan P. Milberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Kenneth Raymond Evans was convicted by a jury of possession of a firearm by a felon and possession of marijuana for sale. The jury also found true the special allegation he had committed the offenses for the benefit of a criminal street gang within the meaning of Penal Code section 186.22, subdivision (b)(1)(A).[1] The trial court sentenced Evans to an aggregate term of six years eight months in county jail. On appeal, Evans contends the court should have stayed the sentence for possession of a firearm by a felon pursuant to section 654. We affirm.

## PROCEDURAL BACKGROUND

1. *The Information*

Evans was charged in an information with two counts of attempted willful, deliberate and premeditated murder (§§ 187, subd. (a), 664), two counts of assault with a semiautomatic firearm (§ 245, subd. (b)), one count of possession of a firearm by a felon (former § 12021, subd. (a)(1))[2] and one count of possession of marijuana for sale (Health & Saf. Code, § 11359). The information specially alleged great bodily injury and firearm-use enhancements as to the attempted murder and aggravated assault counts (§§ 12022.5, 12022.7, subd. (a), 12022.53, subds. (b), (c) & (d)), and criminal street gang enhancements as to all counts (§ 186.22, subd. (b)(1)(A) and (C)). Evans pleaded not guilty and denied the special allegations.

2. *The Trial, Verdict and Sentence*

At trial, the jury found Evans guilty of the possession of a firearm by a felon and possession of marijuana for sale counts and found true the alleged gang enhancements.

---

[1]    Statutory references are to the Penal Code unless otherwise indicated.

[2]    Former section 12021, subdivision (a), is now section 29800, subdivision (a), which became effective January 1, 2012, without substantive change. (Stats. 2010, ch. 711, § 6; see *People v. Correa* (2012) 54 Cal.4th 331, 334, fn. 1 (*Correa*). We refer to the statute by its former designation.

2

However, after the jury was unable to reach a verdict on the attempted murder and aggravated assault counts, the trial court declared a mistrial as to those counts.

Evans's motion for a new trial was denied. Following a retrial of the attempted murder and aggravated assault counts, the jury was unable to reach a verdict. The trial court declared a mistrial and granted Evans's motion to dismiss those counts in the interest of justice (§ 1385). The trial court sentenced Evans to an aggregate term of six years eight months in county jail (§ 1170, subd. (h)).

## FACTS

1. *The Trial Evidence*

Evans was a self-admitted member of the Six-Deuce Harvard Park Brims, a Bloods gang affiliate. In 2006 he was a passenger in a car stopped by Los Angeles Police Officer Jeffrey Wolman. Evans told the officer he was on probation, had some marijuana and was living in a garage on 1603 West 60th place in Los Angeles. Wolman searched the garage, which had been converted into a bedroom, and discovered a safe containing 60.22 grams of marijuana and $250 in currency. Evans told Wolman he kept the safe locked so his marijuana would not be accessible to his uncle, who was living with him.

In July 2011, there was a series of retaliatory shootings between members of rival Bloods and Crips gang affiliates. Following one of these shootings, police officers obtained a warrant to search the converted garage/bedroom on 1603 West 60th Place. Evans was not present during the search.[3] Inside the safe, officers found 456.67 grams of marijuana, a loaded nine-millimeter semiautomatic handgun with a magazine containing ammunition, $14,975 in currency, 38 small and large clear plastic bags, two certificates of car-title in Evans's name, a traffic citation bearing Evans's photograph and a six-page credit report in Evans's name. In response to a hypothetical question, Officer Wolman, a narcotics expert, opined the marijuana found in the safe in 2011 was possessed for sale.

---

[3] Evans's then-13 year old brother, Derrick Hines, was living in the bedroom at the time. Both Hines and Evans's girlfriend, Latoya Dulin, testified Evans was no longer living in the converted garage.

Wolman also testified a lot of drug dealers have a weapon "to protect their narcotics and their money."

Los Angeles Police Detective Andrew Gonzalez, a gang expert, testified members of the Bloods gang and its affiliates sell drugs to raise money and use guns to shoot rival gang members and to intimidate the local community to promote, further and assist the gang's criminal activities.

The parties stipulated Evans had been previously convicted of a felony.

2. *The Sentencing Hearing*

At the sentencing hearing, defense counsel argued section 654 applied because the marijuana and handgun were unlawfully possessed together in the safe. In response, the trial court noted, "the most recent 654 cases tend to suggest that illegal possession of both of the items are separate criminal offenses." Referring to *People v. Correa, supra* 54 Cal.4th 331 the court then explained, "The most recent view from the Supreme Court, our Supreme Court on this is that a defendant who is in possession of seven separate firearms receive seven separate 25 to life sentences. They found him hiding in the closet with seven guns and he got seven 25 to life, and the Supreme Court found that was just fine." Without further comment, the court turned to the issue of probation, explained that Evans was not a suitable candidate, and imposed an aggregate term of six years eight months in county jail: The middle term of two years for possession of marijuana for sale, plus the middle term of three years for the gang enhancement and eight months (one-third the middle term) for possession of a firearm by a felon, plus one year (one-third the middle term) for the gang enhancement.

**DISCUSSION**

Section 654 prohibits punishment for two or more offenses arising from the same act or from a series of acts constituting an indivisible course of conduct. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1216.)[4] Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent or objective of the actor. If all the offenses were incident to one objective, the defendant may be punished for any one of the offenses but not more than one. (*People v. Correa, supra,* 54 Cal.4th at p. 336.)

Generally, the trial court has broad discretion in determining whether a defendant had multiple criminal objectives independent of, and not merely incidental to, each other for purposes of section 654. On appeal we will uphold the court's express or implied finding a defendant had multiple criminal objectives if it is supported by substantial evidence. (*People v. Osband* (1996) 13 Cal.4th 622, 730-731.)

Evans contends that, by not applying section 654 to stay his sentence for possession of a firearm by a felon, the trial court erred in three respects. First, prior to sentencing him to consecutive terms, the court failed to make a factual finding Evans harbored separate criminal intents in simultaneously possessing the marijuana and the handgun. Second, the two possession offenses were not divisible because, as the jury found, Evans committed both crimes with the single objective of furthering his gang's criminal activities. (§ 186.22, subd. (b)(1)(A) ["the offense was committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members"].)

---

**4** Section 654, subdivision (a), provides, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

Finally, Evan asserts in imposing multiple punishments, the court mistakenly relied on *Correa*, which cannot be applied to this case.[5]

Although the trial court did not make an express finding section 654 did not apply, we infer from the court's consecutive sentence choice an implied finding Evans harbored separate intents or objectives for the two offenses. (See *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469 [when trial court sentences defendant to separate terms without making express finding defendant entertained separate objectives, court is deemed to have made an implied finding § 654 does not apply]; *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1564-1565 ["implicit in the trial court's concurrent sentencing order is that defendant entertained separate intentions"].)

The court's implied finding that the offenses involved separate criminal intents is amply supported by the record. The physical evidence and the experts' opinions were substantial evidence that Evans possessed the marijuana with the intent to sell it and possessed the handgun not only to protect himself and to safeguard his marijuana, but also to intimidate and harm members of rival gangs and the community. To be sure Evans's ultimate purpose in possessing both the marijuana for sale and the handgun may well have been to benefit of his gang. However, "[t]o accept . . . a broad, overriding intent and objective to preclude punishment for otherwise clearly separate offenses would violate [section 654's] purpose to insure that a defendant's punishment will be commensurate with his culpability." (*People v. Perez* (1979) 23 Cal.3d 545, 552, see *People v. Correa, supra*, 54 Cal.4th at p. 341.) Because the two crimes involved separate intents as well as separate criminal acts, the court did not err in failing to stay Evans's sentence for possession of a firearm by a felon.

---

**5** We do not read the trial court's comments about *Correa* as reflecting the court's reliance on it as the basis for the imposition of consecutive sentences. Instead, the court noted the trend by the California Supreme Court with respect to the application of section 654.

**DISPOSITION**

The judgment is affirmed.


ZELON, J.

We concur:


WOODS, Acting P. J.


SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.